**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Pierre Moises Calero Manzaba,<br>Petitioner,<br><br>v.<br><br>Michael Rose, et. al.,<br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>) | <br><br>Civil No. 26-990 |

## OPINION

Pending before the court is a pro se motion filed by petitioner Pierre Moises Calero Manzaba ("Petitioner" or "Manzaba") to enforce the court's order[1] that Petitioner receive an individualized bond hearing, with brief in support (ECF Nos. 11, 12). The government filed a response in opposition to the motion (ECF No. 15), and the motion is ripe for decision.

In the motion to enforce, Petitioner, a citizen of Ecuador, admits that he received a bond hearing on June 16, 2026, but argues that the hearing did not result in an individualized determination and failed to comply with the court's order because the immigration judge did not consider critical evidence or explore alternatives to detention. In particular, Manzaba points to his claim for asylum based on his sexual orientation and abuse by a family member in Ecuador. Manzaba seeks immediate release or another bond hearing at which the government bears the burden of proof. (ECF No. 11). Respondents submitted a copy of the immigration judge's order and an audio recording of the bond hearing, both of which the court reviewed (ECF Nos. 15-1, 15-2).

[1] The court issued an opinion, order and judgment on June 8, 2026, which granted in part the habeas petition (ECF No. 1), and directed a bond hearing to be held within 10 days of its order (ECF Nos. 6, 7, 8).

In essence, Petitioner argues that the immigration judge failed to meaningfully consider the evidence, made up his mind that Petitioner was a flight risk and refused to consider alternatives to detention.

Respondents argue the motion to enforce should be denied. They contend: (1) this court lacks jurisdiction to review discretionary determinations by the immigration judge; and (2) the record confirms that he had a bond hearing that was fundamentally fair and satisfies due process. Respondents point out that the immigration judge based his decision on individualized factors; specifically, finding Petitioner had limited ties to the United States and had several encounters with law enforcement, which warranted the conclusion that he was a flight risk.

Federal courts "lack jurisdiction to review any discretionary determinations underlying the [immigration judge's] bond decision," and may only "review whether the bond hearing was fundamentally unfair" such that it violates the detainee's due process rights. *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022); *see also Quinteros v. Warden Pike Cnty. Corr. Facility*, 784 F. App'x 75, 78 (3d Cir. 2019) ("Because we lack jurisdiction to review any discretionary determinations underlying the [immigration judge's] bond decision, we are limited to reviewing only those of [Appellant's] challenges that pertain to the adequacy of process he received at his bond hearing.").

The United States Court of Appeals for the Third Circuit has advised that a bond hearing under 8 U.S.C. § 1226 is "fundamentally fair," and thus satisfies due process, if three essential elements are present: (1) factfinding based on a record produced before the decisionmaker and disclosed to the detainee; (2) the detainee is allowed to make arguments on his or her behalf; and (3) the immigration judge makes an individualized determination of the detainee's interests. *Ghanem*, 2022 WL 574624 at *2; *see also Quinteros*, 784 F. App'x at 78. This court's review of

the bond hearing is limited to considering whether the hearing was fundamentally fair under *Ghanem.*[2]

The court reviewed the audio recording of the June 16, 2026 bond hearing, which was provided by Respondents. The record reflects that Petitioner was asked whether he was represented by counsel, but stated he would represent himself. Manzaba did not request counsel. An interpreter was provided. The immigration judge asked Manzaba a series of questions.[3] The immigration judge, among other things, asked about Manzaba's asylum claim, his brother, why he had not updated his address to reflect his move from Connecticut to Pennsylvania, the criminal charges for fleeing and eluding law enforcement and possessing a forged document, and his fears of going to Ecuador. The immigration judge, after hearing Manzaba's responses, concluded that he was a flight risk.

After reviewing the record, the court concludes the immigration judge made an individualized determination. The immigration judge provided an oral explanation for the decision on the record, and issued a written decision, which enabled this court to meaningfully review the decision. The decision was based on flight risk. The immigration judge noted that Petitioner had limited ties to the United States, had moved without updating his address, and had two encounters with law enforcement (including being charged with fleeing and eluding).

---

[2] Petitioner argues that the immigration judge applied the wrong burden of proof. That argument, however, is foreclosed by binding precedent. *See Makeshov v. Oddo*, No. 3:26-CV-00808-JFC, 2026 WL 1579023, at *1 (W.D. Pa. June 3, 2026) (citing *Borbot v. Warden Hudson Cty. Corr. Fac.,* 906 F.3d 274, 278-79 (3d Cir. 2018)); *Modebadze v. Soto*, No. CV 26-1687, 2026 WL 1067835, at *1 (D.N.J. Apr. 17, 2026) ("Because the burden of proof under section 1226(a) remains on aliens at all times, *Borbot*, 906 F.3d at 278-79, the immigration judge did not misapply the standard of proof by requiring Petitioner to show that he was not a flight risk at his bond hearing."). In any event, that issue implicates a question of law, not the fundamental fairness of the hearing and should be addressed in an appeal from the decision of the immigration judge, not in a habeas proceeding.

[3] Whether to permit testimony is a discretionary decision for the immigration judge. *See Jeddou v. Warden of Delaney Hall Det. Ctr.*, No. 2:26-CV-01203, 2026 WL 1005052, at *2 (D.N.J. Apr. 14, 2026) (denying habeas petition based on argument that immigration judge deprived Petitioner of an opportunity to testify).

Those are individualized circumstances, which the immigration judge considered. The immigration judge was not convinced by Manzaba's argument regarding flight risk. Petitioner or this court may disagree with the immigration judge's decision, but that disagreement is not sufficient to show the hearing was fundamentally unfair. This court lacks jurisdiction to overturn the immigration judge's discretionary determination. *Habibi v. Barr*, 445 F. Supp.3d 990, 997 (S. D. Cal. 2020) (court lacks jurisdiction to review immigration judge's discretionary determination about flight risk).

In sum, the bond hearing had each of the essential elements of a fundamentally fair bond hearing and complied with Petitioner's due process rights. Under those circumstances, any other arguments are beyond the scope of this court's review. *See Ghanem*, 2022 WL 574624 at *2.

Conclusion

Because Petitioner received an individualized bond hearing, the motion to enforce court order (ECF No. 11) will be denied.

An appropriate order follows.

Dated: September 1, 2026

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge